

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2004

# USA v. D'Angelico

Precedential or Non-Precedential: Precedential

Docket No. 03-3537

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. D'Angelico" (2004). *2004 Decisions.* Paper 436.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/436

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

IN THE UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT
_____

No. 03-3537
_____

UNITED STATES OF AMERICA

v.

ANTHONY D'ANGELICO,

*Appellant*

_____

On Appeal From the United States District
Court For the Eastern District
of Pennsylvania
(D.C. No. 02-cr-00738)
District Judge: Honorable Michael M.
Baylson

_____

Submitted Under Third Circuit LAR 34.1(a)

June 28, 2004
Before: AMBRO, BECKER and
GREENBERG, *Circuit Judges*

(Filed: July 19, 2004)

PATRICK L. MEEHAN, ESQ.
United States Attorney
LAURIE MAGID, ESQ.
Deputy United States Attorney for
Policy and Appeals
ROBERT A. ZAUZMER, ESQ.

Assistant United States Attorney
Senior Appellate Counsel
FRANCIS C. BARBIERI, JR., ESQ.
Assistant United States Attorney
Office of United States Attorney
615 Chestnut Street
Philadelphia, PA 19106

*Attorneys for Appellee*

MAUREEN KEARNEY ROWLEY, ESQ.
Chief Federal Defender
DAVID L. McCOLGIN, ESQ.
Assistant Federal Defender
Supervising Appellate Attorney
ELAINE DeMASSE ESQ.
Assistant Federal Defender
Senior Appellate Counsel
Defender Association of Philadelphia
Federal Court Division
Curtis Center, Independence Square West
Suite 540 West
Philadelphia, PA 19106

*Attorneys for Appellant*

_____

OPINION
_____

BECKER, *Circuit Judge.*

This appeal by defendant Anthony
D'Angelico calls upon us once again to
assess whether a Guidelines sentence must
be vacated and the matter remanded to the
District Court because the parties have not
made a clear record on whether the District
Court's denial of the downward departure
sought by D'Angelico—under U.S.S.G. §

5K2.13, based upon his putative mental retardation—was based on legal or discretionary grounds. If the refusal was on legal grounds, we have jurisdiction; if it was discretionary, we do not. *See United States v. Georgiadis*, 933 F.2d 1219, 1222 (3d Cir. 1991). Because the background facts and procedural history generally do not bear on this issue, we need not set them forth, except insofar as they are necessary to our disposition.

Notwithstanding our injunction in *United States v. Mummert*, 34 F.3d 201 (3d Cir. 1994), that District Judges clearly note the basis for their refusal to depart downward, the issue keeps recurring.

What the District Judge said here was:

> I do not find that there are grounds for a downward departure, as you have requested, and I'm going to deny that. But, I will sentence your client to the lower end of the guideline range and in the hopes that he's going to have to spend about six years in prison. Maybe he'll get some time off for good behavior. And, he'll just understand that he can't conduct himself the way he was.

D'Angelico submits that the statement is less than pellucid:

> Although U.S.S.G. § 5K2.13 [the Guideline at issue] expressly sets out a number of limitations on the court's departure authority, the district court made no explicit findings regarding any of those factors. Nor did the court state that it had legal authority

to depart or state that its refusal to depart resulted from the exercise of its discretion. Furthermore, the statement the court did make ("I do not find that there are grounds for a downward departure") is ambiguous regarding the basis for the court's ruling, as it equally supports both a conclusion that the refusal to depart was based on a belief that one or more of the express limitations on the court's authority to depart did exist in this case, *and* a conclusion that the refusal resulted from the exercise of discretion. . . . As such, the record fails to reveal whether denial of the departure was based on legal or discretionary grounds.

This argument is very strong. On the other hand, the government points out that it did not dispute at sentencing that the District Court had the authority to depart under the circumstances of this case. It goes on to demonstrate the point:

> [W]hen the District Court asked for the government to respond to the defendant's motion, the government stated that "to some extent[,] there's some validity to that position and [the government] would not object to some minimum departure in light of the defendant's diminished capacity and the fact that his mental capacity played some role in the offense here."

In *Mummert* we stated that where the government concedes the plausibility of the downward departure, "it seems quite likely that the district court's refusal to depart . . .

2

was discretionary." 34 F.3d at 205.

We are chagrined that the district courts, which could so easily make crystal clear whether their refusal to depart is because they do not believe that they have the authority to do so or, conversely, whether they understand their authority to depart and exercise their discretion not to, so often fail to take that opportunity. This is the case here. Our frustration is not limited to the courts, for the prosecutor and defense counsel also bear responsibility. There is no reason that, if a district court does not clarify the basis for non-departure, counsel should not remind the court to do so. Emphatically, this is counsel's responsibility for it is a matter of preserving the record for appeal (or, from the government's point of view, insulating the judgment from appeal). Counsels' failures engender needless appeals and waste of time and funds. We expect counsel to heed this injunction.

Though this is not our preferred course, the state of the record here does allow us to divine, albeit indirectly, the basis for the District Court's refusal to depart downward. The government acknowledged at sentencing itself that the defendant was correct that the Court had the power to depart. Given this, we are satisfied that the able District Judge in this case understood his authority to depart and exercised his discretion not to do so. Under the circumstances, we have no appellate jurisdiction. *See United States v. Denardi*, 892 F.2d 269, 272 (3d Cir. 1989) (holding that the Court of Appeals lacks jurisdiction under 18 U.S.C. § 3742 to entertain an appeal from a district court's exercise of discretion in refusing to depart downward). The appeal will therefore be dismissed.

3