

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2006

# USA v. Long

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2357

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Long" (2006). *2006 Decisions.* Paper 935.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/935

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2357
_____


UNITED STATES OF AMERICA

v.

KARIN L. LONG,
                        Appellant


_____


On Appeal from the United States District Court
for the District of Delaware
D.C. Criminal No. 04-cr-00025-1
District Judge: The Honorable Kent A. Jordan
_____


Submitted under Third Circuit LAR 34.1(a)
March 28, 2006
_____


Before: McKEE and VAN ANTWERPEN, Circuit Judges,
and POLLAK,* District Judge.
_____


(Opinion filed:   June 8, 2006)


---

* Honorable Louis H. Pollak, District Judge for the United States District Court of
the Eastern District of Pennsylvania, sitting by designation.

————

OPINION

————

POLLAK, <u>District</u> <u>Judge</u>:

Defendant-appellant Karin A. Long appeals the sentence entered on April 21, 2005, committing her to an eighteen-month term of imprisonment. Because we write primarily for the parties, who are familiar with this case, we need not set forth the full factual or procedural history of this appeal.

In August 2004, Ms. Long executed a plea agreement and entered a plea of guilty to two counts of tax fraud. *See* Judgment, App. at 2 (indicating Ms. Long admitted violations of 26 U.S.C. § 7206(2) and 18 U.S.C. § 371). Given Ms. Long's offense level of 15 and criminal history category of 1, the United States Sentencing Guidelines recommended a term of eighteen to twenty-four months. Ms. Long thus received the minimum sentence recommended by the Guidelines.

Ms. Long now argues that the District Court judge did not make clear that he was aware of the advisory nature of the Guidelines or that he understood that he was free to depart from the Guidelines based on a defendant's unique circumstances. This court has jurisdiction to consider whether the District Court failed to recognize its authority to depart from the Guidelines. *See United States v. Sally*, 116 F.3d 76, 78-79 (3d Cir. 1997). Contrary to Ms. Long's contentions, the record does not suggest that the District Court held the erroneous belief that it lacked such discretion. Rather, the transcript of the

sentencing proceeding shows that the sentencing judge was aware of his discretionary powers. Nonetheless, he concluded that a sentence at the bottom of the Guidelines' range was most appropriate. *See, e.g.*, Sentencing Hearing Transcript ("Transcript"), App. at 21-22 (considering the evidence submitted on Ms. Long's behalf but deciding to require a sentence within the Guidelines' range); *see also id.* at 12 (acknowledging defense counsel's observation that the Guidelines are now advisory).

Ms. Long further asserts that the failure of the District Court to depart from the Guidelines in the instant case was an abuse of discretion, in light of the information which was before the District Court. We review the sentence for reasonableness. *See United States v. Booker*, 543 U.S. 220 (2005). In the instant case, the District Court acknowledged Ms. Long's role as primary caretaker for her ill and disabled domestic partner. *See, e.g.*, Transcript, App. at 15, 22. However, the District Court did not find that the circumstances were so exceptional as to merit a sentence below the Guidelines' range. *See id.* at 22; cf. U.S.S.G. § 5H1.6 ("[F]amily ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted.").[1] We find that the court contemplated the totality of the circumstances, and the resulting sentence was reasonable. *Cf.* 18 U.S.C. § 3553(a). We will therefore affirm.

---

[1] Ms. Long observes that in exceptional circumstances, where a defendant plays an irreplaceable role in the life of a family member, a sentence below the Guidelines range may be deemed appropriate. Appellant's Brief at 6 (citing *United States v. Gaskill*, 991 F.2d 82 (3d Cir. 1993)). She concedes that generally "using the factor of family circumstances is discouraged as a vehicle for downward departure." *Id.* at 5.