

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2006

# USA v. Salerno

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3627

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Salerno" (2006). *2006 Decisions.* Paper 103.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/103

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3627

UNITED STATES OF AMERICA

v.

MICHAEL SALERNO,

Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 03-cr-00374)
District Judge: Honorable Joel A. Pisano

Submitted Under Third Circuit LAR 34.1(a)
December 5, 2006

Before: RENDELL and AMBRO, Circuit Judges
BAYLSON,* District Judge

(Opinion filed December 13, 2006)

OPINION

_____

* Honorable Michael M. Baylson, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

AMBRO, Circuit Judge

Michael Salerno challenges the reasonableness of his sentence imposed for a tax fraud conviction in the United States District Court for the District of New Jersey. He argues that the Court erroneously denied his motion for a sentencing departure and unreasonably sentenced him at the high end of the federal Sentencing Guidelines range for his underlying offense. We review the sentence for reasonableness and, for the reasons set forth below, affirm.

## I.

We highlight only the facts relevant to our decision. In February 2005 Salerno pled guilty to one count of an eighteen-count indictment for failing to collect or pay taxes owed in violation of 26 U.S.C. § 7202, resulting in a tax loss to the Government of $152,501. In return for his plea, the Government dismissed the remaining counts.

Prior to sentencing, Salerno filed a motion for a sentencing departure. At sentencing in July 2005, the District Court denied his motion and sentenced him to 21 months' imprisonment, a supervised release term of three years, $3,000 in restitution payments, four special conditions governing his future financial transactions, and a mandatory $100 special assessment.

Salerno appeals to us, asserting three claims. He argues that the District Court should have sentenced him according to a lower offense level, it erred by denying his motion for a downward departure, and it failed to consider all of the relevant sentencing

2

factors of 18 U.S.C. § 3553(a).[1]

## II.

Since *United States v. Booker* rendered the Guidelines advisory, 543 U.S. 220, 245

(2005), we have clarified several times that sentencing is a three-step process, which

proceeds as follows:

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.
>
> (2) In doing so, they must "formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and tak[e] into account [our] Circuit's pre- *Booker* case law, which continues to have advisory force."
>
> (3) Finally, they are required to "exercise[ ] [their] discretion by considering the relevant [§ 3553(a)] factors" in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.[2]

---

[1]The District Court had subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction to review Salerno's sentence for "reasonableness" under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291. *See United States v. Cooper*, 437 F.3d 324, 327–28 & n.4 (3d Cir. 2006).

[2]Those factors are:
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (internal citations omitted). In this context, we address Salerno's arguments.

Regarding whether the offense level calculation was too high, the record shows that the Judge already considered Salerno's acceptance of responsibility when determining his offense level. The Judge determined the base offense at sixteen under the Guidelines. *See* U.S.S.G. §§ 2T1, 2T4.1(F) (stipulating a base offense level of 16 for a tax loss more than $80,000 but less than $200,000). He adjusted that level to 13 by subtracting two points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and an additional point for acceptance of responsibility upon motion by the Government pursuant to U.S.S.G. § 3E1.1(b). Combined with a criminal history category of II for a prior fraud conviction, the resulting Guidelines sentencing range was 15 to 21 months. In short, the Judge properly considered Salerno's acceptance of responsibility and calculated his sentence accordingly, just as step one of the sentencing process requires.

As to his second claim, Salerno fails to understand that "[w]e have no authority to review discretionary denials of departure motions in calculating sentencing ranges."

---

(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for–
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).

*United States v. Jackson*, 467 F.3d 834, 839 (3d Cir. 2006). Prior to *Booker*, when a judge recognized his or her authority to depart but chose not to do so, we inferred that the district court's refusal to depart was discretionary. *See, e.g.*, *United States v. D'Angelico*, 376 F.3d 141, 142 (3d Cir. 2004); *United States v. Mummert*, 34 F.3d 201, 205 (3d Cir. 1994). That continues post-*Booker*. *See Jackson*, 467 F.3d at 840 ("Pre-*Booker* law regarding Guidelines departures . . . necessarily informs the sentencing process—for district courts and for us.") (citations omitted).

Here, the departure denial was discretionary in that the Judge clearly recognized his authority to depart, but chose not to do so. During the sentencing hearing, he explicitly considered each of Salerno's five theories upon which the departure motion rested: his attempts to cooperate with the I.R.S., an extraordinary family situation, the aberrant nature of his crime of conviction, the possibility of substituting community confinement for imprisonment, and an overstated criminal history. The Judge observed that Salerno had not, in fact, cooperated with the I.R.S., as he failed to submit corrected tax returns pursuant to his promise in his plea agreement; his family situation was not compelling because he was in the process of separating from his child's mother and was not the child's only caretaker; his crime of conviction was not aberrant because he had a prior criminal conviction for fraud; he did not satisfy the Guidelines requirements for community confinement, which typically involved drug addiction and treatment programs; and his criminal history category of II was not overstated because it merely

5

reflected his previous felony conviction in state court for theft by deception. The Judge concluded his review as follows:

> I do have the authority to engage in the downward departure or variance. I find for the reasons stated that the defendant has not established that this case . . . falls outside the heartland of cases which have been categorized under the guidelines. Using the guidelines as an advisory source and taking into account the benefit of application notes and policy statements and the language of the guidelines itself, the motion is denied.

> We, therefore, will sentence Mr. Salerno with criminal history category [II], level 13, with a guideline sentence range of 15 to 21 months.

The Judge could not have signaled more clearly that he considered and denied the motion for downward departure as an exercise of his discretion. We therefore have no authority to review his denial in calculating Salerno's Guidelines range.

As to the third claim, we have held that a reasonableness review requires a demonstration that the District Court gave meaningful consideration to the "*relevant* [§ 3553(a)] factors." *Cooper*, 437 F.3d at 329 (emphasis added); *see also Gunter*, 462 F.3d at 247; *King*, 454 F.3d at 194. Courts need not state on the record and discuss each factor. *Cooper*, 437 F.3d at 329 (quoting *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005)). It is enough that they "observe the requirement to state adequate reasons for a sentence on the record so that [we] can engage in meaningful appellate review." *King*, 454 F.3d at 196–97; *see also Jackson*, 467 F.3d at 842; *United States v. Charles*, 467 F.3d 828, 831 (3d Cir. 2006).

Here, the Judge stated that "the sentencing statute has a number of factors and I take them into account." Without naming the statutory subdivision for each factor, he then proceeded to address § 3553(a) factors (1), (2) and (4), relating to the nature and circumstances of the offense along with Salerno's history and personal characteristics, the penological goals that a reasonable sentence should serve, and the Guidelines range sentence. In considering those factors, the Judge noted that the offense was a "substantial fraud . . . that took place over a period of time," that Salerno had engaged in the same type of criminal conduct before (for which he had failed to make restitution), that he had not "complied with [his] plea agreement with respect to [his] efforts to file [his] past due tax returns" or otherwise "performed in any way that would give [the Judge] a reason to sentence [him] at the low end of the guideline range," and that consideration of the public interest demanded a sentence that would deter further fraudulent activities. The Judge concluded: "[T]he only sentence I consider to be reasonable is the maximum term under the plea. It's a plea agreement that you negotiated." In sum, not only did the Court demonstrate that it considered the relevant § 3553(a) factors, but its reasoning also satisfies us that it exercised its discretion to apply those factors reasonably.

\* \* \*

The Court went "by the book" for steps one, two, and three of the post-*Booker* sentencing process. It correctly determined the Sentencing Guidelines range, properly exercised its discretion in denying Salerno's motion for a downward departure in

7

calculating his Guidelines range, and adequately considered the relevant § 3553(a) factors in sentencing him at the maximum of that range.  In this context, we hardly can say the sentence imposed was unreasonable.  We therefore affirm.