# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2012

No. 12-60007
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARY WESLEY, also known as Mary Wesley Brown, also known as Mary Brown,

Defendant–Appellant.

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 4:09-CR-49-3

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Mary Wesley was convicted of one count of conspiring to defraud the United States Government and four counts of fraud and false statement. She was sentenced to serve 120 months in prison as well as a three-year term of supervised release and was ordered to pay $5,570,945 in restitution. In this appeal, she attacks both her convictions and her sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Wesley challenges the sufficiency of the evidence to support her convictions. Because she moved for a judgment of acquittal at the close of the Government's case and presented no evidence herself, our review is de novo. *See United States v. Resio-Trejo*, 45 F.3d 907, 910 & n.6 (5th Cir. 1995). When considering a sufficiency claim, the pertinent query is "whether any reasonable trier of fact could have found that the evidence established the appellant's guilt beyond a reasonable doubt." *United States v. Jaramillo*, 42 F.3d 920, 922-23 (5th Cir. 1995) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This court considers "the evidence in the light most favorable to the [G]overnment with all reasonable inferences and credibility choices made in support of the verdict." *United States v. Jones*, 133 F.3d 358, 362 (5th Cir. 1998) (per curiam) (quoting *United States v. Ivy*, 973 F.2d 1184, 1188 (5th Cir. 1992)) (internal quotation marks omitted).

Application of these standards to the record shows that Wesley's sufficiency claim is unavailing. Witness testimony established that Wesley and her employees knowingly and voluntarily agreed to act illegally by filling out and submitting fraudulent tax returns and that they took actions in pursuit of this goal. This testimony suffices to uphold Wesley's conspiracy conviction. *See United States v. Brooks*, 681 F.3d 678, 699 (5th Cir. 2012), *petition for cert. filed*, No. 12-5812 (U.S. Aug. 9, 2012), *petition for cert. filed*, No. 12-218 (U.S. Aug. 16, 2012), *and petition for cert. filed*, No. 12-5847 (U.S. Aug. 16, 2012). Trial testimony also showed that Wesley prepared returns that listed two fictitious dependents and that she gave her client the names of these dependents in exchange for $1000. This evidence suffices to uphold Wesley's convictions for fraud and false statement. *See United States v. Clark*, 577 F.3d 273, 285-86 (5th Cir. 2009). Wesley has not shown that the evidence adduced at trial was insufficient to support her convictions.

Likewise, she has not shown any error in connection with her sentence. Her argument that she should be held responsible for, and her sentence should

be based on, the actual loss associated with her crimes and not the intended loss runs counter to this circuit's jurisprudence. *See United States v. Phelps*, 478 F.3d 680, 682 (5th Cir. 2007); *United States v. Moore*, 997 F.2d 55, 59-62 (5th Cir. 1993). Finally, her challenge to the district court's calculation of the amount she owed as restitution is likewise unavailing because our review of the record shows no abuse of discretion in connection with the district court's restitution calculations. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009); *United States v. Gutierrez-Avascal*, 542 F.3d 495, 497 (5th Cir. 2008).

AFFIRMED.