## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30084

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRODERICK D. MATHES,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-69-6

Before HIGGINBOTHAM, JONES, and DUNCAN, Circuit Judges.

PER CURIAM:*

Broderick Mathes appeals for the second time the sentence imposed following his guilty plea. We again VACATE his sentence and REMAND for re-sentencing consistent with this opinion.

I.

Mathes pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine as well as other charges. After the plea, the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30084

Government dismissed one of the charges—possession of a firearm by a convicted felon—because it discovered evidence that Mathes had not committed the offense. A revised presentence investigation report ("PSR") was prepared to reflect the dismissal of that charge. The dismissal removed the possibility of a 15-year mandatory minimum sentence but did not affect the Guidelines range. The Government also filed a substantial assistance motion under U.S.S.G. § 5K1.1 and requested an 11-level reduction because of Mathes' extensive cooperation with the Government, which was done at the risk of his safety.

The district court expressed skepticism regarding the Government's decision to dismiss the firearm charge and accused the Government of being "disingenuous." The court further suggested that the parties had made "an end around" 18 U.S.C. § 3553. Nevertheless, the court granted the Government's 5K1.1 motion. The court then adopted the undisputed facts in the revised PSR and concluded that the applicable Guidelines range was 70 to 87 months.

But the court also stated that there were reasons for an upward variance, which it proceeded to impose. It sentenced Mathes to 210 months' imprisonment, a variance of over 10 years above the top end of the Guidelines range. On appeal, we vacated the sentence and remanded for resentencing because we concluded that the district court had "improperly based the upward variance in part on the dismissed firearm charge, even though the dismissal did not affect [Mathes'] Guidelines sentencing exposure." *See United States v. Mathes*, 759 F. App'x 205, 206 (5th Cir. 2018) (unpublished).

On remand, the district court held a new sentencing hearing, during which Mathes expressed remorse for his criminal conduct. His counsel noted that Mathes was working on his GED while incarcerated, as well as taking parenting and career planning classes. Counsel also highlighted the fact that Mathes had no record of disciplinary actions while incarcerated. Mathes'

No. 19-30084

counsel argued that, under *Pepper v. United States*, 562 U.S. 476 (2011), the district court could take those factors into consideration when "considering a lower guideline range." His counsel also noted that, because of the previous appeal in the case, Mathes' safety was now at even greater risk than before. The Government agreed.

The district court acknowledged that Mathes had behaved well in prison and that he was taking steps to prepare himself for reintegration into society. However, the court remained "of the opinion . . . that a variance sentence is called for in this case for a number of reasons." After noting that Mathes had prior drug trafficking convictions, the court concluded that "a 3553(a) variance is warranted also to take into account or to avoid unwarranted sentencing disparities. Mr. Mathes' brother was sentenced to 324 months for essentially the same conduct in the same criminal conspiracy." For those reasons, the district court imposed a sentence of 160 months.

Mathes objected "to the court's basis for variances upward." The Government also objected because, in its view, the sentence imposed "does not give Mr. Mathes sufficient credit for all that he has done and all the substantial assistance given to the government in this matter and to others." Mathes timely appealed. The government filed a letter noting its agreement that the district court had relied on an irrelevant or improper factor in imposing sentence.

## II.

We consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Taffaro*, 919 F.3d 947, 948 (5th Cir. 2019). This is a "highly deferential" review. *Taffaro*, 919 F.3d at 948. "When conducting a review of substantive reasonableness, we consider the totality of the

3

No. 19-30084

circumstances, including the extent of any variance from the Guidelines range." *United States v. Churchwell*, 807 F.3d 107, 123 (5th Cir. 2015).

III.

"The factors enumerated in 18 U.S.C. § 3553(a), . . . guide appellate courts . . . in determining whether a sentence is unreasonable." *United States v. Candia*, 454 F.3d 468, 472 (5th Cir. 2006) (quotation marks and citation omitted). Under § 3553(a), courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). But "Congress intended that certain disparities be caused *by application of the federal guidelines*, and a sentencing disparity intended by Congress is not unwarranted." *Candia*, 454 F.3d at 476 (emphasis added) (quotation marks omitted).

If an above-Guidelines range "gives significant weight to an irrelevant or improper factor" or "represents a clear error of judgment in balancing the sentencing factors," it "unreasonably fails to reflect the statutory sentencing factors." *Churchwell*, 807 F.3d at 123 (quotation marks and citation omitted).

Mathes contends that the district court erred by giving significant weight to what it viewed as an unwarranted disparity between his sentence and his brother's. He asserts that, because his 70-to-87-month Guidelines range resulted in large measure from the 11-level reduction he received due to his cooperation with the government, the disparity between the two sentences was warranted. The Government agrees.

So do we. The transcript of the re-sentencing hearing makes it clear that, while it was not the only factor the district court relied on in varying from the Guidelines range, the disparity the court perceived as unwarranted was a major factor in its decision. But that disparity was warranted here—Mathes risked his life by cooperating with the government. "Disparity in sentences

4

between a defendant who provided substantial assistance and one who provided no assistance is not unwarranted." *United States v. Duhon*, 541 F.3d 391, 397 (5th Cir. 2008) (cleaned up) (quoting *United States v. Gallegos*, 480 F.3d 856, 859 (8th Cir. 2007)). Further, Mathes pled guilty and accepted responsibility. His brother did not. This earned Mathes a 3-level reduction. *See* U.S.S.G. § 3E1.1. Again, "Congress intended that certain disparities be caused by application of the federal guidelines, and a sentencing disparity intended by Congress is not unwarranted." *Candia*, 454 F.3d at 476 (quotation marks omitted).

Because the district court gave significant weight to an improper factor—a *warranted* disparity—the sentence it imposed "unreasonably fail[ed] to reflect the statutory sentencing factors." *Churchwell*, 807 F.3d at 123. For these reasons, we VACATE the sentence and REMAND the case for resentencing in accordance with this opinion.