# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2022

Lyle W. Cayce
Clerk

No. 21-30583
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTRAVION D. JOHNSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-35-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Antravion D. Johnson was sentenced to 120 months of imprisonment after pleading guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). On appeal he contends that his above-guidelines sentence was substantively unreasonable.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30583

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). An above-guidelines sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017) (internal quotation marks and citation omitted).

Before imposing an above guidelines sentence, the district court considered the nature and circumstances of the offense, Johnson's criminal history, the need to protect the public, the need for specific deterrence, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. Moreover, despite Johnson's assertions to the contrary, extraordinary circumstances are not required to justify a sentence outside the guidelines range, *United States v. Taffaro*, 919 F.3d 947, 948-49 (5th Cir. 2019), and the district court "may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence," *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

Johnson has failed to demonstrate that his sentence was substantively unreasonable. *See Nguyen*, 854 F.3d at 283. Accordingly, the judgment of the district court is AFFIRMED.