IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2008

Charles R. Fulbruge III
Clerk

No. 05-30387

UNITES STATES OF AMERICA

Plaintiff - Appellant

v.

DAVID VINCENT DUHON

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.
FORTUNATO P. BENAVIDES, Circuit Judge:

David Duhon pleaded guilty to one court of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5). The district court applied a substantial downward variance from the Sentencing Guidelines ("Guidelines") and sentenced him to sixty months of probation. The Government appealed Duhon's non-Guideline sentence. In light of the recent United States Supreme Court opinion in Gall v. United States, 128 S. Ct. 596 (2007), we AFFIRM.

I.

After Duhon was arrested for downloading fifteen images of child pornography from the internet, he pleaded guilty to possessing child

pornography. Starting from a base offense level of fifteen, the presentence report ("PSR") recommended three two-level enhancements because: (1) the images depicted minors under twelve years old; (2) the offense involved ten or more images; and (3) Duhon used a computer. In the factual stipulation that Duhon submitted with his plea, he admitted only the last allegation. After subtracting three levels for acceptance of responsibility, the PSR found that the total offense level was eighteen and calculated the Guideline range at twenty-seven to thirty-three months of imprisonment.

On February 28, 2005, the district court held a sentencing hearing for Duhon.[1] Because the district court believed that, under United States v. Booker, 543 U.S. 220 (2005), it could enhance Duhon's sentence using only facts that he had admitted, it refused to apply the enhancements based on the age of the minors and the number of images involved in the offense. Therefore, the district court determined that the total offense level was fourteen instead of eighteen and that the Guideline range was fifteen to twenty-one months of imprisonment instead of twenty-seven to thirty-three months of imprisonment. The Government objected to the district court's interpretation of Booker.

After calculating the Guideline range, the district court stated its intent to apply a downward variance based on the 18 U.S.C. § 3553 factors. While acknowledging the seriousness of Duhon's offense and the importance of fostering "respect for the law," the district court nonetheless concluded that incarceration was unnecessary and inappropriate in this case. The district court based its decision on the following findings: (1) Duhon did not have a criminal history; (2) there was no indication that Duhon posed a threat to the public; (3) Duhon would benefit most from continuing his psychological treatment with Dr.

---

[1] The district court also held a sentencing hearing for Duhon in August 2004 but continued the hearing until after the United States Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), which was then pending before the Court.

Brennan, whom the Government acknowledged was well regarded; (4) incarceration would cause Duhon to lose his Social Security disability benefits; and (5) Duhon's codefendant received probation for similar conduct. Accordingly, the district court sentenced Duhon to sixty months of probation. After the Government objected to "the Court's variance and deviation from the guideline range," the district court made clear that it would have so sentenced Duhon even if it erred by refusing to apply all the enhancements recommended by the PSR.

We originally vacated and remanded Duhon's sentence in United States v. Duhon, 440 F.3d 711 (5th Cir. 2006). But after the United States Supreme Court issued its opinion in Gall, it granted Duhon's petition for writ of certiori and vacated and remanded the case to us for further consideration. Duhon v. United States, 128 S. Ct. 853 (2008). We now revisit this case and affirm.

## II.

Our review of district court sentencing decisions is bifurcated. United States v. Rowan, – F.3d –, 2008 WL 2332527, at *1 (5th Cir. June 4, 2008). "[We] must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the § 3553 factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. We review the district court's interpretation of the Guidelines de novo and its findings of fact for clear error. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). "Provided that the sentence is procedurally sound, [we] then consider[] the 'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" Id. (quoting Gall, 127 S. Ct. at 597).

## III.

The Government challenges the procedural soundness of Duhon's sentence. According to the Government, the district court committed reversible error when it miscalculated the Guideline range. Moreover, the Government asserts that the district court improperly considered the sentence that Duhon's codefendant received in its analysis. Finally, the Government contends that the district court failed to consider relevant Guideline provisions. After considering the Government's arguments, we are not convinced that the district court's sentencing decision should be disturbed.

A.

The district court misinterpreted Booker when it refused to apply the enhancements based on the age of the minors and the number of images involved in the offense. Because Booker does not "impede a sentencing judge from finding all facts relevant to sentencing," district courts may make factual findings relevant to sentencing under the preponderance-of-the-evidence standard. United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Therefore, the district court was incorrect when it concluded that it could enhance Duhon's sentence using only Duhon's admissions or jury findings. The facts in the PSR supported applying the enhancements, and the district court erred when it applied only one of the enhancements recommended by the PSR. See United States v. Trujillo, 502 F.3d 353, 357 (5th Cir. 2007) ("The district court may adopt the facts contained in a [presentence report] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable.") (internal quotation marks and citation omitted).

But "[n]ot all errors in determining a defendant's guideline sentence require reversal." United States v. Bonilla, 524 F.3d 647, 656 (5th Cir. 2008). Even after Gall, we have found that an error in applying the Guidelines is

reversible error in cases involving non-Guideline sentences only if the sentence resulted from the error. See id. Moreover, in Bonilla, we concluded that a non-Guideline sentence does not result from the district court's miscalculation of the Guideline range if the district court: (1) contemplated the correct Guideline range in its analysis and (2) stated that it would have imposed the same sentence even if that range applied. See id.

The facts in this case are indistinguishable from Bonilla. Here, the district court was aware of the correct Guideline range because it was in the PSR, and the Government had vehemently argued for the enhancements during the sentencing proceeding. While it ultimately erred by failing to apply the enhancements, the district court declared that it would have sentenced Duhon to sixty months of probation even if it miscalculated the Guideline range. Under Bonilla, the district court's error is not reversible, and we cannot remand on this basis.

B.

As discussed above, the Government also contends that the district court committed procedural error when it: (1) took into account the disparity between Duhon's sentence and his codefendant's sentence under the Guidelines and (2) failed to consider pertinent Guideline provisions. Because the Government failed to preserve these objections, our review is limited to plain error.[2]

The plain-error standard of review applies when a party challenges a district court's sentencing decision on grounds it did not present to the district court. See United States v. Willingham, 497 F.3d 541, 544 (5th Cir. 2007). In this case, the Government made only two objections to the district court. First, it objected to a precise procedural error–the district court's refusal to apply all

---

[2] While Duhon does not argue that plain-error review applies, we may make this determination sua sponte because "no party has the power to control our standard of review." United States v. Vontsteen, 950 F.2d 1086, 1091 (5th Cir. 1992).

the enhancements recommended by the PSR. Second, it objected to "the Court's variance and deviation from the guideline range," which seemingly challenged the substantive reasonableness of Duhon's non-Guideline sentence. Neither objection sufficiently placed the district court on notice that the Government thought that the district court had failed to consider all pertinent Guideline provisions or that it had erroneously considered the sentence received by Duhon's codefendant. Therefore, we review these purported errors only for plain error. See United States v. Vontsteen, 950 F.2d 1086, 1091 (5th Cir. 1992) (finding that the defendant's argument before the district court did not preserve error because "it was not sufficient to put the district on notice" of his claim).

When reviewing for plain error, "[w]e may correct the sentencing determination only if (1) there is error (and in light of Booker, an 'unreasonable' sentence equates to a finding of error); (2) it is plain; and (3) it affects substantial rights." United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007). In addition, we cannot correct an error that was not preserved unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (internal quotation marks and citation omitted) (alteration in original).

1.

The district court erred when it considered the sentencing disparity between Duhon and his codefendant. In determining an appropriate sentence, courts must consider the § 3553 factors. Gall, 128 S. Ct. at 596-97. Section 3353(a)(6) requires courts to take into account "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." (emphasis added). Here, a sentencing disparity between Duhon and his codefendant exists under the Guidelines because Duhon's codefendant received a downward departure for providing substantial assistance in the Government's prosecution of Duhon. But "[d]isparity in

sentences between a defendant who provided substantial assistance and one who provided no assistance . . . is not unwarranted." United States v. Gallegos, 480 F.3d 856, 859 (8th Cir. 2007); see also United States v. Bras, 483 F.3d 103, 114 (D.C. Cir. 2007) (finding that one reason the sentencing disparity between defendant and his co-conspirators was not unwarranted was because the co-conspirators "provided substantial assistance in the investigation of the scheme"). Therefore, the district court's consideration of the warranted sentencing disparity between Duhon and his codefendant was improper.

Despite the district court's error, however, we cannot remand under plain-error review because the Government failed to establish that the error affected substantial rights. See Mares, 402 F.3d at 521. To show that an error affected substantial rights, the appellant must demonstrate that the error "affected the outcome of the district court proceedings," Olano, 507 U.S. at 734, and therefore sufficiently undermines the public's confidence in the outcome. Mares, 402 F.3d at 521. Although the district court impermissibly considered the sentencing disparity between Duhon and his codefendant, it also made clear that it believed probation was appropriate because of a variety of characteristics particular to Duhon's case, including the absence of a criminal history and its belief that Duhon would benefit from continuing treatment with his doctor. In fact, after the Government objected to the variance, the district court reiterated that it thought probation was appropriate by emphasizing the importance of allowing Duhon to continue medical treatment. Because of the district court's "strong emphasis on [Duhon's] general need for treatment and its reliance on other proper factors," we cannot conclude that the district court's improper consideration of the sentencing disparity between Duhon and his codefendant was "so essential to the judgment as to affect . . . substantial rights." Peltier, 505 F.3d at 393-94. Therefore, we cannot remand on this basis.

2.

Finally, the Government contends that the district court procedurally erred because it did not take into account the Guideline provisions that preclude probation in this case. The Government is correct that the Guidelines do not authorize sentencing Duhon to probation. When the applicable Guideline range is in Zone C or D of the Sentencing Table, the Guidelines dictate that probation is inappropriate. See U.S.S.G. §§ 5B1.1 cmt. n.2, 5C1.1(f). Both Duhon's correct Guideline range and the range incorrectly used by the district court fall within Zone D. See U.S.S.G. § 5A. Therefore, in this case, probation is not the "kind[] of sentence" available under the Guidelines. See 18 U.S.C. § 3553(a)(4).

"[A] checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable." United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). But when the district court makes a sentencing decision prohibited by Guideline provisions, we have previously found that it must acknowledge these provisions so that we know that it had considered them. See United States v. Simmons, 470 F.3d 1115, 1131 (5th Cir. 2006); United States v. Guidry, 462 F.3d 373, 377 (5th Cir. 2006) (finding that the district court ignored a Guideline policy statement stating that family ties and responsibilities are not ordinarily relevant because it did not acknowledge the policy statement during sentencing). Because the district court did not acknowledge the Guideline provisions precluding probation in this case, we ostensibly cannot presume that it considered these provisions.

But whether we can still require district courts to acknowledge Guideline provisions given recent United States Supreme Court precedent is unclear. In Rita v. United States, for example, the United States Supreme Court pronounced that, in some circumstances, district courts applying a variance need only give a brief explanation. 127 S. Ct. at 2468. Because our review is limited to plain error, however, we need not decide this question here. As discussed above, it is evident from the transcript of the sentencing hearing that the district court

strongly believed that probation was appropriate in this case given Duhon's unique circumstances. Therefore, we cannot say that any potential error was outcome determinative and so affected substantial rights as to allow us to remand the case to the district court.[3]

IV.

The Government also argues that Duhon's sentence was substantively unreasonable. The crux of the Government's contention is that the district court weighed too lightly the seriousness of the offense but weighed too heavily the characteristics of the defendant. This argument lacks merit.

Because the Government explicitly objected to the variance in this case, we review Duhon's sentence for substantive reasonableness under an abuse-of-discretion standard of review. See Peltier, 505 F.3d at 391-92. In Gall, the United States Supreme Court cautioned that, when reviewing the district court's sentencing decision for substantive reasonableness, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." 128 S. Ct. at 597. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id.

---

[3] The Government also contends that the district court improperly relied on Duhon's purported back problems and its seemingly erroneous conclusion that the Guidelines made no distinction between possessors of child pornography and child molesters. After reexamining the sentencing transcript, we find that the district court did not rely on these considerations when it sentenced Duhon to probation.

The Government is correct that the district court noted that Duhon had "some issues with a disc." But this statement was related to the district court's finding that Duhon received Social Security disability benefits and that Duhon would lose those benefits if he was incarcerated. Therefore, the district court's concern was that Duhon might lose his disability benefits and not that Duhon suffered from back problems.

The Government is also correct that the district court observed that the Guidelines purportedly did not distinguish possessors of child pornography from child molesters. But the district court made this statement more than six months before the district court actually sentenced Duhon. Therefore, we cannot credibly find that it was a factor in the district court's sentencing decision.

In a similar case involving possession of child pornography, we found post-Gall that a sentence of sixty months of probation was substantively reasonable. United States v. Rowan, – F.3d –, 2008 WL 2332527, at *1 (5th Cir. June 4, 2008).  In contrast to Duhon who downloaded 15 images of child pornography, the defendant in Rowan possessed over 400 images of hardcore child pornography.  The district court, however, believed probation was appropriate because Rowan, like Duhon, did not have a criminal history and also would benefit most from continuing his medical treatment with his psychologist. Therefore, given that we affirmed the district court in Rowan, we conclude that the district court in this case likewise did not abuse its discretion by sentencing Duhon to sixty months of probation and that the sentence was substantively reasonable.

V.

For the reasons above, we AFFIRM.