# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-50761
c/w No. 15-50917
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO ALVAREZ,

Defendant-Appellant

———————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-234-7

———————

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alfredo Alvarez, federal prisoner # 99551-280, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence for conspiracy to distribute a controlled substance, as well as the denial of his motion to reconsider. However, he did not file his motion to reconsider within the 14-day period for seeking an appeal from the denial of his § 3582(c)(2)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50761

motion.  Rule 4(b)'s time limit is not jurisdictional, *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007), and may be forfeited if not asserted.  *See Eberhart v. United States*, 546 U.S. 12, 19 (2005) (explaining that a nonjurisdictional, "inflexible claim-processing rule" can be forfeited but assures relief when properly asserted).  Although the government did not participate in the proceeding in the district court, it has not raised the untimeliness of the motion to reconsider in this court and has thus forfeited any challenge thereto.  *See id.*

The district court denied Alvarez's § 3582(c)(2) motion, despite concluding that Alvarez was "technically eligible for a reduction," because it determined that his 110-month sentence was reasonable, protected the public from his further crimes, and deterred the type of criminal conduct Alvarez had displayed in the past.  Alvarez argues that the district court failed to give adequate weight to his post-sentencing conduct and to the fact that he received a departure based on substantial assistance.  However, the applicable policy statement merely states that a comparable reduction in light of a substantial-assistance departure "may be appropriate," U.S.S.G. § 1B1.10(b)(2)(B), and the commentary states that a "court may consider post-sentencing conduct," § 1B1.10(b)(2)(B), comment. (n.1(B)(iii)).  The district court has "no obligation" to reduce a sentence.  *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

Additionally, Alvarez contends that the district court failed to give adequate weight to the need to avoid unwarranted sentencing disparities given that the Western District of Texas has granted 82 percent of requested sentence reductions "under the amended drug guidelines."  However, it is the disparity between similarly situated defendants that Congress seeks to avoid.  *See* 18 U.S.C. § 3553(a)(6).  "Congress intended that certain disparities be caused by application of the federal guidelines, and a sentencing disparity

No. 15-50761

intended by Congress is not unwarranted." *United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006) (internal quotation marks and citations omitted).

Alvarez's offense level was based on the quantity of heroin for which he was held responsible, and a defendant with a similar record who was convicted of similar conduct would face imprisonment for 210 to 262 months. Alvarez's guideline range of 110 to 137 months was lower because of his acceptance of responsibility and substantial assistance, so the disparity between his sentence and that of a similarly situated defendant was intended by Congress and therefore warranted. *See United States v. Duhon*, 541 F.3d 391, 397 (5th Cir. 2008).

As Alvarez has not presented any argument to undermine the discretionary decision to deny his § 3582(c)(2) motion, the district court's order is AFFIRMED. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).