# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10443
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAURA MARIE ELKINS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-257-2

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Laura Marie Elkins appeals the 16-month sentence imposed on her guilty plea conviction for possession of stolen mail.  *See* 18 U.S.C. § 1708.  She also received a three-year sentence of supervised release.  The sentence is above the six-month high end of the guidelines sentencing range but within the statutory maximum term of five years.  *See* § 1708.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10443

Elkins sole issue on appeal is framed as a challenge only to the substantive reasonableness of the sentence.  Nonetheless, Elkins argues that the district court: (1) employed an improper procedure by "tentatively" observing in advance of the sentencing hearing that the guidelines range may be inadequate, (2) determined a sentence without considering all the sentencing factors, and (3) failed to adequately explain the sentence.  These arguments would be subject to plain error review, as they were not raised in the district court.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).  Far from being "plain error," the district court's arriving at a tentative sentencing decision and announcing it before the sentencing hearing did not offend sound practice, as "judges in all cases should make sure that the information provided to the parties in advance of the [sentencing] hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues." *Irizarry v. United States*, 553 U.S. 708, 713-16 (2008).  Here, the district court made clear that it was inviting discussion and argument about the points it raised before the hearing.  Thus, her claim is subject to reasonable dispute and cannot be plain error.  *See Puckett*, 556 U.S. at 135; *see also United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009).  Further, the district court gave an explanation for its sentence and demonstrated that it considered the relevant factors.  Therefore, Elkins has not carried her burden of showing plain error in those respects.  *See United States v. Sandlin*, 589 F.3d 749, 757 (5th Cir. 2009).

We also reject Elkins's claim that her sentence is excessive and therefore substantively unreasonable.  We note that Elkins's own counsel suggested a guidelines sentencing range of 10 to 16 months, but we pretermit the question of invited error.  *See United States v. Baytank (Houston), Inc.*, 934 F.2d 599,

2

No. 16-10443

606-07 (5th Cir. 1991). Elkins cannot prevail even under the more deferential abuse-of-discretion standard of review. *See United States v. Rodriguez*, 602 F.3d 346, 351 (5th Cir. 2010); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Elkins offers no convincing reason for forgoing the deferential review of the district court's choice of sentence that precedent ordains. *See Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007); *see also United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Instead, she stakes her claim of substantive unreasonableness on her contention that procedural error necessarily resulted in the arbitrary selection of her sentence and on her conclusory assertion that justice does not require her to suffer an enhanced sentence. Because she has not demonstrated any procedural error, Elkins cannot prevail on a dependent claim of substantive unreasonableness. Nor has she shown that the district court erred in reasoning "that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 552 U.S. at 59-60. The district court emphasized that Elkins had engaged in extensive criminal activity in addition to but not unrelated to her crime of stealing mail. Even if we agreed with Elkins "that a different sentence [is] appropriate," that would be "insufficient to justify reversal." *Id.*

AFFIRMED.