# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10683
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

January 23, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ZUNIGA-VALENCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-255-6

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Jesus Zuniga-Valencia challenges the 240-month within-guidelines sentence he received following his conviction for possession with the intent to distribute methamphetamine. Zuniga-Valencia challenges the district court's application of the two-level enhancement for importation of methamphetamine pursuant to U.S.S.G § 2D1.1(b)(5). He contends that the importation of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

methamphetamine must be reasonably foreseeable under the rules applicable to relevant conduct in U.S.S.G § 1B1.3.

Though Zuniga-Valencia objected to this enhancement in the district court, he did not object on the ground argued on appeal. Accordingly, review of this issue is limited to plain error. *See United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010) (reviewing for plain error where the defendant objected in the district court to an enhancement on different grounds than he raised on appeal). We have held that the § 2D1.1(b)(5) enhancement applies if the methamphetamine was imported regardless of the defendant's knowledge or involvement in the importation and even when "the person from whom the defendant purchased the methamphetamine had not personally imported it." *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014), citing *United States v. Serfass*, 684 F.3d 548, 553-54 (5th Cir. 2012). Zuniga-Valencia fails to show that the district court plainly erred in imposing this enhancement. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

He also challenges the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm, arguing that the rifle found in his residence was in a different room from the drugs, that there was no evidence that the rifle was loaded, and that he never fired the handgun that was concealed under a chair in the kitchen. Because Zuniga-Valencia objected to the § 2D1.1(b)(1) enhancement in the district court on the ground advanced on appeal, we review the district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A preponderance of the evidence established a temporal and spatial relationship between the firearms and the drug activity. *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). A loaded pistol was found

concealed in the room with methamphetamine and the laboratory. A large amount of methamphetamine was found in the house, along with two firearms and ammunition. Zuniga-Valencia presented no evidence on the issue. His argument that the pistol was concealed fails to show that it is clearly improbable that the weapon was connected with the offense. *See United States v. King,* 773 F.3d 48, 53 (5th Cir. 2014). Thus, the district court did not err in determining that the facts found were sufficient to support the enhancement. *See Zapata-Lara*, 615 F.3d at 390.

Finally, Zuniga-Valencia challenges the substantive reasonableness of his sentence. He asserts that his codefendant received a 170-month sentence despite the fact that he was Zuniga-Valencia's source of supply. He states that the only reason for the codefendant's lesser sentence was the fact that he cooperated with the Government while Zuniga-Valencia did not debrief and that Zuniga-Valencia's sentence should be reduced to avoid unwarranted disparities. The record reveals that Zuniga-Valencia is not similarly situated to his codefendant and that the disparity among their sentences is warranted by the Guidelines. *See United States v. Duhon*, 541 F.3d 391, 397 (5th Cir. 2008) (disparity due to a defendant providing substantial assistance is warranted). Zuniga-Valencia fails to rebut the presumption of reasonableness that is accorded his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.