# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-51105
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2017

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DIEGO VILLALOBOS, JR.,

Defendant-Appellant

————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-755-8

————————————————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Diego Villalobos, Jr., federal prisoner # 64259-180, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence. He contends that he was entitled to a reduction under Amendment 782 and that the district court abused its discretion in denying relief because the court failed to consider the sentencing factors of § 3553(a), Villalobos's rehabilitative efforts, and his postsentencing conduct. Villalobos also argues that the court relied too heavily

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on his aggravating role.  He further asserts that a denial of a reduction in his sentence resulted in unwarranted sentencing disparities among coconspirators.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2).  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  The record shows that the district court considered Villalobos's postsentencing conduct and the factors of § 3553(a).  Moreover, the sentencing court is not required to provide reasons for its denial of a § 3582(c)(2) motion.  *See Evans*, 587 F.3d at 674.  Additionally, the reduction of sentences of other offenders does not establish that the denial of Villalobos's motion created unwarranted sentencing disparities.  *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010); *see also United States v. Duhon*, 541 F.3d 391, 397 (5th Cir. 2008) (holding that disparity between codefendants' sentences was not unwarranted when situations were different).

To the extent Villalobos challenges the validity of the original sentence, his claims are not cognizable in a § 3582(c)(2) motion.  *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).  The district court did not abuse its discretion in denying his motion.  *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  The judgment of the district court is AFFIRMED.