# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30976
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH D. PRONNETTE, JR., also known as Joseph D. Pronnette, also known as Joseph Pronnette, also known as Joseph Pronnette, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CR-259-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Joseph D. Pronnette, Jr.; pleaded guilty to possession of a firearm by a felon, and the district court varied from the guidelines range and sentenced him to 120 months of imprisonment followed by three years of supervised release. Pronnette now argues that the district court's initial guidelines computations were in error because it assigned a base offense level of 20 under

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 2K2.1(a)(4) based on its conclusion that Pronnette's prior Louisiana conviction of domestic abuse aggravated assault was a conviction for a crime of violence.  Pronnette contends that the district court erred in that conclusion and that his base offense level should have been 14.  He further argues that, because the district court did not consider the correct guidelines range before varying, the error was not harmless.

We need not resolve the crime-of-violence issue if any error in the district court's application of the guidelines was harmless.  *See United States v. Groce*, 784 F.3d 291, 296 (5th Cir. 2015).  Harmless errors are those which "did not affect the district court's selection of the sentence imposed." *United States v. Garcia-Figueroa*, 753 F.3d 179, 192 (5th Cir. 2014) (internal quotation marks and citation omitted).  "[A] non-Guideline sentence does not result from the district court's miscalculation of the Guideline range if the district court: (1) contemplated the correct Guideline range in its analysis and (2) stated that it would have imposed the same sentence even if that range applied." *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).

As in *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008), the only aspect of the guidelines calculations in dispute at the time of his sentencing was the crime-of-violence determination.  The district court specifically considered both the guidelines range produced by Pronnette's computations and the guidelines range produced by its own computations and concluded that neither range was sufficient.  Thus, the record reflects that the sentence selected by the district court did not result from a miscalculation of Pronnette's guidelines range of imprisonment. *See id.* at 656-57.  Any error was therefore harmless. *See Duhon*, 541 F.3d at 396.  The judgment of the district court is AFFIRMED.