# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60197
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVIAN WILSON, also known as Chaba,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CR-68-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Davian Wilson challenges his conviction and sentence, based upon a jury's finding him guilty of second-degree murder, in violation of 18 U.S.C. § 1111. His conviction arose out of an incident in which Wilson, Bell, Cotton, and Willis together attacked Jonis Joe after leaving a party. Joe died of internal bleeding caused by being stabbed numerous times.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60197

Wilson first contends that, although Joe died of stab wounds, there was insufficient evidence to prove he stabbed him.  A jury verdict will be upheld if, when "considering the evidence and all reasonable inferences in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt".  *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Along that line, the jury "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses".  *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001) (citing *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998)).  In short, our review is "highly deferential to the verdict".  *United States v. Harris*, 293 F.3d 863, 869 (5th Cir. 2002).

Bell testified he and Wilson each stabbed Joe many times.  Bell's testimony was corroborated by Wilson's after-the-fact admissions to two separate witnesses that he believed he had killed Joe.  It was also corroborated by circumstantial evidence that Wilson possessed a knife on the night of the incident and that he was seen cleaning a knife in a kitchen sink immediately after the incident.  Viewing this evidence in the requisite light most favorable to the prosecution, a rational jury could have found Wilson stabbed Joe with malice aforethought.  *E.g.*, *Vargas-Ocampo*, 747 F.3d at 303.

Alternatively, Wilson asserts he stabbed Joe in self-defense.  Trial evidence established Joe never pointed a gun at Wilson or the other attackers, and Wilson points to no evidence suggesting any of the attackers felt threatened by Joe or believed the force they employed during the assault was necessary to defend themselves.  Wilson fails to establish no rational jury could have found he did not act in self-defense.  *E.g.*, *id.*

No. 17-60197

Wilson next contends the court abused its discretion in admitting into evidence the clothing Wilson allegedly was wearing on the night of the attack. For the following reasons, the Government met the low evidentiary threshold from which the jury could infer the clothing was removed from Wilson's person after his arrest. *E.g.*, *United States v. Ceballos*, 789 F.3d 607, 618 (5th Cir. 2015) (conclusive proof of authenticity not required for admission).

A photograph of Wilson at the time of his arrest depicts him wearing the same distinctive sweatshirt that was among the clothes admitted at trial; and a law-enforcement officer testified she observed Wilson wearing the same sweatshirt at the time of his arrest. Also among the clothes admitted in evidence was underwear with Wilson's name written on the inside of the waistband. Moreover, the Government presented testimony to establish the chain of custody of the clothes from where they were first examined at a detention center, and their subsequent transfers to an evidence locker at the police station and to the state crime lab—where various items of the clothing were found to have spots of blood belonging to both Wilson and Joe.

Any gaps in the chain of custody or any doubts about authenticity went to the weight of the evidence, not its admissibility. *E.g.*, *United States v. Isiwele*, 635 F.3d 196, 200 (5th Cir. 2011) ("Once the proponent has made the requisite showing . . . flaws in the authentication . . . go to the weight of the evidence"); *United States v. Doggins*, 633 F.3d 379, 383 (5th Cir. 2011) ("Missing links in the chain of custody go to the weight and not the admissibility of evidence and are properly left to consideration by the jury" (internal quotation omitted)). As noted, the court did not abuse its discretion in admitting the clothes in evidence.

Regarding his sentence, Wilson asserts his above-Guidelines sentence of 400 months' imprisonment is substantively unreasonable because the court

failed to give sufficient weight to 18 U.S.C. § 3553(a)(6), which required the court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct".  Wilson preserved in district court his challenge to the substantive reasonableness of his sentence; our review is for abuse of discretion.  *E.g.*, *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (citing *United States v. Scott*, 654 F.3d 552, 554 (5th Cir. 2011)).

Wilson's contention that his sentence is unreasonably long when compared to the average and median sentences federal courts imposed for murder convictions from 2014 to 2016 is unavailing because the national averages "do not reflect the enhancements or adjustments for the aggravating or mitigating factors that distinguish individual cases" and "are basically meaningless in considering whether a disparity with respect to [Wilson] is warranted or unwarranted".  *United States v. Willingham*, 497 F.3d 541, 544–45 (5th Cir. 2007).

Wilson's assertion that his sentence is unjustly disparate when considering the sentences of Bell (180 months), Cotton (57 months), and Willis (no federal charges brought) is also unavailing.  Any disparity between Wilson's sentence and the sentences of the other parties reflects the fact that Bell and Cotton accepted responsibility, Bell cooperated with the Government, Wilson's criminal history included more severe and violent offenses, Cotton pleaded guilty to a lesser offense, and Willis was not even indicted in federal court.  *E.g.*, *United States v. Kinchen*, 729 F.3d 466, 476 (5th Cir. 2013); *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010); *United States v. Duhon*, 541 F.3d 391, 397 (5th Cir. 2008).  Moreover, Wilson instigated the attack on Joe, and there is support in the record for the court's finding Wilson was primarily responsible for Joe's death.

No. 17-60197

In sentencing Wilson, the district court gave due consideration to 18 U.S.C. § 3553(a)(6) and Wilson's sentencing-disparity claims. Given our highly deferential review, *Diehl*, 775 F.3d at 724, there was no abuse of discretion.

AFFIRMED.