# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2018

Lyle W. Cayce
Clerk

No. 17-50642
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-246-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ramiro Martinez pleaded guilty to possession of child pornography. The district court sentenced Martinez within the calculated guidelines range to 121 months in prison. He now challenges the sentence imposed.

Martinez contends that the district court did not sufficiently explain its sentencing decision. Because he asserts this claim for the first time on appeal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

our review is for plain error only.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

The record supports that the district court did not plainly err with regard to the sufficiency of its explanation.  The district court considered the relevant sentencing materials and the parties' arguments as to the proper sentence and offered specific reasons for the sentence that referred to those submissions and invoked the 18 U.S.C. § 3553(a) factors.  The district court determined that a sentence within the guidelines range was sufficient and reasonable in view of the pertinent sentencing concerns.  *See Rita v. United States*, 551 U.S. at 358-59 (2007).  Martinez otherwise has not shown that a more detailed explanation would have affected his sentence and, accordingly, has not established that any error in this respect affected his substantial rights.  *See Mondragon-Santiago*, 564 F.3d at 364-65.

Martinez also contends that the sentence is substantively unreasonable because it does not account sufficiently for a variety of factors.  He argues, inter alia, that the district court did not properly consider that he had no improper contact with children; he is unlikely to recidivate or have sexual contact with children; he became addicted to child pornography at a young age and did not know it was improper; his crime did not have a victim; he did not produce child pornography; and the loss of his family and the likelihood of public shame are sufficient punishment.

We discern no error, plain or otherwise.  *See United States v. Becerril-Pena*, 714 F.3d 347, 349 n.4 (5th Cir. 2013).  Here, the district court made an individualized sentencing decision that reflects consideration of, and reference to, the § 3553(a) factors.  We will not reweigh the district court's assessment of the § 3553(a) factors or reverse the sentence because we might reasonably hold that a different sentence is proper.  *See Gall* v. *United State*s, 552 U.S. 38, 51-

No. 17-50642

52 (2007).  Martinez's disagreement with the weight afforded to his arguments is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Martinez further asserts that the district court's application of U.S.S.G. § 2G2.2 violated due process because the guideline has no empirical basis.  He concedes, however, that his argument is foreclosed and notes that he raises the issue simply to preserve it for further review.  *See United States v. Miller*, 665 F.3d 114, 119-23 (5th Cir. 2011).  We remain bound by our prior decision.  *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).

Finally, Martinez contends that his sentence, in violation of § 3553(a)(6), creates a sentencing disparity with other defendants convicted of possession of child pornography.  However, where a sentence is within the guidelines range, the unwarranted-disparity factor is not afforded significant weight.  *See United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011).  Moreover, he has offered no evidence to support that his sentence represents an unjustified disparity with similarly situated defendants.  *See United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006).  While he refers to sentences imposed by other courts in cases involving possession of child pornography, he has not established that he was similarly situated to those defendants in all relevant respects.  *See* § 3553(a)(6); *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.