# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50776
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUGENE MONA, also known as Gino,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-59-7

Before SMITH, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Eugene Mona, federal prisoner # 10149-280, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on retroactive Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP on appeal, Mona challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50776

Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  If the appeal is frivolous, we may dismiss it sua sponte. *Baugh*, 117 F.3d at 202 n.24; *see also* 5TH CIR. R. 42.2.

We review de novo whether a district court has authority to reduce a sentence pursuant to § 3582(c)(2).  *See United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).  Although Mona's base offense level may have been indirectly based on the drug trafficking guideline, U.S.S.G. § 2D1.1 (2008), that guideline mandated a cross-reference to the first-degree murder guideline, *see* U.S.S.G. § 2D1.1(a)(3), (d)(1) and U.S.S.G. § 2A1.1, which was utilized to calculate Mona's total offense level.  Therefore, drug quantity did not affect Mona's guidelines range.  Further, the fact that Mona was not convicted of murder was irrelevant under §§ 2D1.1(a)(3), (d)(1).  *See United States v. Duhon*, 541 F.3d 391, 395-96 (5th Cir. 2008).  Thus, the district court did not err in denying his § 3582(c) motion on the ground that Mona was ineligible for relief.  *See* § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

Because Mona fails to raise a nonfrivolous issue, his motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24.