# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2020

Lyle W. Cayce
Clerk

No. 19-10985
Summary Calendar

UNITED STATES OF AMERICA,

     Plaintiff-Appellee

v.

KEVIN MERRITT,

     Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-88-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

     Contending that the district court considered unreliable evidence in selecting his punishment, Kevin Merritt appeals the 235-month prison term and three-year supervised release term imposed on his guilty plea conviction for possessing a controlled substance with intent to distribute.  *See* 21 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10985

§ 841(a)(1), (b)(1)(C).   Reviewing under the plain error standard, we affirm. *See Puckett v. United States*, 556 U.S. 129, 135–36 (2009).

Although Merritt argues on appeal that the district court erred in considering unreliable factual recitations in the presentence report (PSR) concerning three unadjudicated juvenile arrests, he did not raise that argument in the district court.   Instead, he objected to consideration of the mere fact of the arrests.   That objection was not, as it should have been, sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction.[1]   *See United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017); *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008); *see also* FED. R. CRIM. P. 51(b).

The district court properly exercised its significant discretion in its implicit determinations that the PSR's recitations, based on police reports, concerning the juvenile offenses were reliable.   *See United States v. Young*, 981 F.2d 180, 185 (5th Cir. 1992); *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991); *see also* U.S.S.G. § 6A1.3(a).   The 1991 and 1992 offenses were both investigated in response to reports of illegal activity.   Merritt's 1994 offense resulted from a surveillance operation in which detectives found the contraband at issue near Merritt.

Because Merritt did not present competent rebuttal evidence, the district court was correct in adopting the PSR.   *See United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009); *United States v. Solis*, 299 F.3d 420, 455 (5th Cir.

---

[1] The Supreme Court's decision in *United States v. Holguin-Hernandez* is inapplicable to this case of alleged procedural error, for *Holguin-Hernandez* did not change "what is sufficient to preserve a claim that a trial court used improper *procedures* in arriving at its chosen sentence."   140 S. Ct. 762, 767 (2020).

No. 19-10985

2002).   Thus, Merritt has failed to demonstrate error, much less clear or obvious error.  *See Puckett,* 556 U.S. at 135–36.

**AFFIRMED**.