# United States Court of Appeals for the Fifth Circuit

---

No. 23-11173
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Raquel Delgado Chavez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:23-CR-29-1

---

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Raquel Delgado Chavez appeals the 192-month sentence imposed following her guilty plea conviction for transportation of an illegal alien resulting in death. She argues that the district court erred in applying the U.S.S.G. § 2L1.1(c)(1) cross-reference to the second degree murder

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11173

guideline at U.S.S.G. § 2A1.2 instead of the involuntary manslaughter guideline at U.S.S.G. § 2A1.4 and that the error was not harmless.

Delgado Chavez objected on this basis below. Accordingly, we review the district court's factual findings for clear error and its interpretation of the Sentencing Guidelines de novo. *See United States v. Lemus-Gonzalez*, 563 F.3d 88, 92 (5th Cir. 2009).

Extreme recklessness and wanton disregard for human life establishes second-degree murder, but recklessness and wanton disregard for human life, without the "extreme" modifier, is required for involuntary manslaughter. *Id.* Delgado Chavez argues that the district court did not make any factual findings to satisfy the elements of second-degree murder and her actions, while reckless, were not "extreme." The record reveals that Delgado Chavez agreed to transport four undocumented aliens for financial profit in a vehicle that did not have the capacity for each passenger to have the proper safety restraints and subsequently got into a crash that resulted in the death of one of the passengers. After the accident, Delgado Chavez exited the vehicle and fled without offering aid or calling emergency services even though she admits that she observed the victim still alive, pinned under the vehicle, and actively attempting to extricate himself. The district court did not err in concluding that Delgado Chavez acted in the extreme when she neglected her duty to render aid to her passenger and callously left him to die to avoid any consequences. *See id.* at 90-93.

Moreover, even if the district court had erred in applying the second degree murder guideline, any error was harmless. We have determined that a guidelines calculation error is harmless when the district court considers the correct guidelines range and indicates that it would impose the same sentence if that range applied. *See United States v. Richardson*, 676 F.3d 491, 511-12 (5th Cir. 2012); *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir.

No. 23-11173

2008). The district court made clear that it considered the guideline range using the cross-reference to the involuntary manslaughter guideline but noted that it believed a sentence in that range was too low, particularly in light of the need to impose a just punishment and provide adequate deterrence. Further, the district court explicitly maintained that it would have imposed the same sentence for the same reasons even if the involuntary manslaughter guideline had applied, and without regard to the calculated guideline range, given that the 18 U.S.S.C. § 3553(a) sentencing factors weighed heavily in favor of a longer sentence. *See Lemus-Gonzalez*, 563 F.3d at 93-94.

The judgment of the district court is AFFIRMED.