# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 17-30298

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRET BROUSSARD,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2018

Lyle W. Cayce
Clerk

———————

Appeal from the United States District Court
for the Western District of Louisiana

———————

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

Bret Broussard pled guilty to violating 18 U.S.C. § 242, which is the offense of depriving another of his rights while acting under color of law. Broussard, while serving as a lieutenant in a Louisiana Sheriff's Office, had failed to intervene while a prisoner in a parish jail was beaten by other officers. On appeal, Broussard argues that his guilty plea was invalid and that his sentence was procedurally and substantively unreasonable. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2011, Byron Lasalle used a baton to beat a handcuffed and compliant inmate in the chapel of the Iberia Parish Jail in New Iberia,

No. 17-30298

Louisiana. Broussard outranked Lasalle and the other deputies in the chapel and knew he had a duty to intervene. Yet, Broussard stood silent in the chapel as Lasalle beat, kicked, and punched the inmate, S.S., for about ten minutes. Among the acts of brutality Broussard silently witnessed was Lasalle's placing one end of the baton between his legs and the other end into S.S.'s mouth, forcing S.S. to mimic fellatio. Once S.S. started choking from the baton in his mouth, Broussard left. Broussard never intervened in this violence against the inmate.

In the past, Broussard's unit brought at least five inmates into the chapel and beat them in retaliation for misconduct. The officers purposefully selected the chapel for beating inmates because there were no cameras there to document the abuse. This abuse occurred regularly and was primarily perpetrated by Broussard's unit, the narcotics unit. The officers were told by superiors to "take care" of inmates, which Broussard understood to mean taking the inmates to the chapel and beating them.

In February 2016, after a federal investigation into violations committed by officers at the Iberia Parish Jail, Broussard pled guilty to a bill of information for depriving the rights of prisoners under color of law. The bill of information was authorized by the United States Attorney for the Western District of Louisiana and by the Principal Deputy Assistant Attorney General of the Civil Rights Division. It was signed by an Assistant United States Attorney and two attorneys from the Department of Justice Civil Rights Division. In connection with these offenses, 12 employees of the Iberia Parish Sherriff's Office were charged with civil rights abuses. Ten officers pled guilty, including Broussard. In exchange for his plea, Broussard agreed to cooperate with the Government as a witness in a case against Sheriff Louis Ackal for similar federal offenses.

2

No. 17-30298

In February 2017, Broussard moved to dismiss the case and vacate his guilty plea, arguing that the district court lacked jurisdiction to hear the case because the prosecution was not properly authorized. The district court denied the motion. It held that the issue was likely waived, and even if not waived, the prosecution was properly authorized by the United States Attorney for the Western District of Louisiana.

In March 2017, the district court sentenced Broussard. Broussard's offense level was calculated under the United States Sentencing Guidelines as 26, and his criminal history category was I. The district court considered other sentencing factors, such as that Broussard is married and a father to four sons, including a special-needs son. The Government filed a Section 5K1.1 motion, asking the district court for a downward departure from the 63–78 month imprisonment range because Broussard had cooperated as a witness against Sheriff Ackal. At the hearing, the district court stated that it had considered all of these factors and sentenced Broussard to serve a term of 54 months' imprisonment and three years of supervised release.

Broussard was sentenced alongside 6 co-defendants who had all pled guilty: Robert Burns, Jeremy Hatley, Jason Comeaux, David Hines, Wade Bergeron, and Byron Lasalle. Burns received a sentence of 6 months' imprisonment for one count of violating Section 242 by failing to prevent an assault. Hatley received a sentence of 6 months' imprisonment for one count of violating Section 242 by failing to prevent an assault and a consecutive 30 months' imprisonment for one count of making false statements. Comeaux received a sentence of 30 months' imprisonment for one count of conspiracy to obstruct; 40 months' imprisonment for violating Section 242; and 40 months' imprisonment for one count of conspiracy to injure or oppress with all sentences to run concurrently. Hines received a sentence of 40 months' imprisonment for one count of violating Section 242 by assaulting a prisoner.

No. 17-30298

Bergeron received a sentence of 48 months' imprisonment for one count of violating Section 242 by assaulting a prisoner.  Lasalle received a sentence of 54 months' imprisonment each on two counts of violating Section 242 by assaulting two prisoners, including S.S., and 54 months on one count of conspiracy to injure or oppress with all sentences to run concurrently. Broussard timely appealed.

## DISCUSSION

Broussard raises two points of error on appeal.  First, he argues that his guilty plea was void *ab initio* because the attorneys pressing charges lacked authority to prosecute.  Second, he argues that his sentence was procedurally and substantively unreasonable on three grounds: his offense level was improperly calculated, his sentencing hearing was improperly conducted, and his sentence was unreasonably disproportionate to his offense.

### I.     *Validity of Broussard's guilty plea*

We review *de novo* the validity of a guilty plea. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000).  Broussard argues that his conviction was void because the attorneys pressing charges and signing the indictment lacked the authority to prosecute.  By entering a knowing and voluntary guilty plea, a defendant waives all non-jurisdictional defects in the prior proceedings. *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992).  A jurisdictional defect raises questions about the court's power to hear the case, *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012), not the government's power to prosecute the case, *see United States v. Cotton*, 535 U.S. 625, 630 (2002).

Broussard's argument about the validity of his guilty plea is unavailing because he raises a non-jurisdictional question about the Government's

4

No. 17-30298

authority to prosecute.  Broussard waived any defect in the indictment when he pled guilty, and thus we do not reach his argument under the Federal Vacancy Reform Act or the Government's argument that the United States Attorney had independent authority to prosecute.

## II.    *Calculation of Broussard's offense level*

The standard of review is *de novo* on a district court's interpretation or application of the Sentencing Guidelines; factual findings are reviewed for clear error. *United States v. Robinson*, 741 F.3d 588, 598–99 (5th Cir. 2014).

Broussard argues that the district court erroneously used aggravated assault, which has an offense level of 14, as his base offense.  Instead, Broussard's base offense should have been "otherwise," which has a base offense level of six, because his wrongdoing was failing to intervene, not aggravated assault. Next, Broussard argues that the 15-point enhancement was wrong.  Broussard received the following enhancements: four points because the assault was with a deadly weapon; three points because the inmate sustained injuries; six points because he was a law enforcement officer; and two points because the inmate was physically restrained during the assault. While he concedes the six-point enhancement for being a law enforcement officer is valid, Broussard argues that the other nine enhancement points do not apply to his crime of failing to intervene.  Last, Broussard argues that the district court erroneously failed to reduce his offense level by four points as a "minimal" participant or by two points as a "minor" participant because he merely observed the assault on S.S.

In response, the Government argues that there is no distinction in criminal liability between an actor who willfully assaults an inmate and an actor who willfully fails to intervene in the assault.  In both, the state actor is willfully depriving the inmate of his right to protection, and Section 242

5

prohibits the willful deprivation of rights.  18 U.S.C. § 242.  Furthermore, regardless of criminal liability for aggravated assault, the Government argues that Broussard is accountable under the Guidelines for the aggravated assault of S.S.  It is undisputed that Lasalle committed an aggravated assault.

First, Broussard is criminally liable for the aggravated assault.  An inmate or pretrial detainee has a right to be free from lawless violence, and officers have a duty to protect against such violence: "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."  *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989).  A law enforcement officer may be held liable under Section 242 for the substantive offense if the evidence shows awareness of a constitutional violation and no effort to prevent the violation. *See United States v. McKenzie*, 768 F.2d 602, 605–06 (5th Cir. 1985).

Broussard relies on a different precedent where we held that law enforcement officers cannot be held liable simply because a detainee is abused while in custody; the law enforcement officer must willfully deprive a detainee of his rights.  *Lynch v. United States,* 189 F.2d 476, 480 (5th Cir. 1951). Broussard argues he should not be liable for aggravated assault because there is "no evidence of [Broussard's having] a willful intention to deprive S.S. of his civil rights."  The facts are against him.  Broussard pled guilty to Count I, which states that "Broussard, while acting under color of law and while aided and abetted by others, willfully deprived S.S., . . . of the right . . . to be free from the use of excessive force."

Second, Broussard is also accountable for the substantive offense. Section 1B1.3, which provides the general application principles for the Sentencing Guidelines, outlines the process for determining the base offense level when more than one base offense level could apply.  If more than one base

No. 17-30298

offense level could apply, the court should determine the base offense level based on all of the "acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A). If the case involved "jointly undertaken criminal activity," then the defendant is accountable for "all acts and omissions of others that were – (i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." § 1B1.3(a)(1)(B). The Guidelines comment that "the focus is on the specific acts and omissions for which the defendant is to be held accountable in determining the applicable guideline range, rather than on whether the defendant is criminally liable for an offense as a principal, accomplice, or conspirator." § 1B1.3. cmt. n.1.

Part H of the Guidelines, which applies to offenses involving individual rights, instructs the sentencing court to apply the greatest base offense level from among the following options: "(1) the offense level from the offense guideline applicable to any underlying offense; (2) 12, if the offense involved two or more participants; (3) 10, if the offense involved (A) the use or threat of force against a person; or (B) property damage or the threat of property damage; or (4) 6, otherwise." § 2H1.1. The base offense level for aggravated assault is 14. § 2A2.2.

Broussard engaged in a criminal civil rights violation alongside multiple other deputies. In his PSR statement, Broussard admitted his knowledge of the violence committed against inmates by his squad, the narcotics unit. It is also undisputed that the underlying crime committed against S.S. was aggravated assault. This aggravated assault was within the scope, in furtherance of, and reasonably foreseeable, given that this group of deputies had committed multiple such violations in the past. In the language of the Guidelines, Broussard was accountable for his "omission" in failing to protect

7

No. 17-30298

S.S. from the aggravated assault committed by Broussard's criminal cohorts. § 1B1.3(a)(1)(B). Thus, the district court correctly found that the base offense level of 14 applies to Broussard.

Because the district court correctly found that aggravated assault was the underlying offense, the aggravated offense section applies. Section 2A2.2 on Aggravated Assault provides for a base offense level of 14 and identifies enhancements based on specific characteristics, *e.g.,* four points for use of a dangerous weapon and three points for bodily injury. § 2A.2. Then, in Chapter Three of the Guidelines, there are victim-related adjustments, such as a two-point increase if the victim is physically restrained during the incident. § 3A1.3. The district court correctly found that all of these enhancements or adjustments applied to Broussard's offense.

Finally, the district court found that Broussard was not a minor or minimal participant in this offense; accordingly, he was not entitled to a role reduction in his offense level. The Government argues that plain error review applies to whether Broussard should have received a point reduction for his minor or minimal role in the incident because this argument was not raised in the district court. *See United States v. Lopez*, 923 F.2d 47, 49 (5th Cir. 1991). To receive a two-point or four-point role-based reduction, a defendant must have been "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A). A "minimal participant" is someone who lacks knowledge or understanding about the scope or structure of the enterprise; a "minor participant" is someone who is less culpable than most participants but more culpable than a minimal participant. *United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005).

Broussard was not a minimal or minor participant. His crime was an omission, but his role was significant given that Broussard was the direct supervisor of Lasalle, the officer who actually assaulted S.S. Furthermore,

No. 17-30298

Broussard understood what was about to happen to S.S. The district court did not err, let alone commit plain error, in refusing a role reduction when calculating Broussard's offense level.

### III.   *Procedural reasonableness of the sentencing hearing*

This issue is reviewed for plain error because Broussard failed to raise any objections in the district court to the procedural aspects of his sentencing. Broussard must show: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) that warrants discretionary review by this court because the harm so severely affects the fairness of the proceedings. *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012).

Broussard presents three arguments for why the district court committed procedural error. First, the district court failed to give adequate consideration to the Section 3553(a) factors. Second, the district court failed to explain its reasoning for the downward departure from the Guidelines range. Third, the district court failed to conduct an individualized sentencing hearing because Broussard was sentenced alongside six other co-defendants.

The Government contends that Broussard's below-Guidelines sentence was presumptively reasonable given that a sentence within the Guidelines range is presumptively reasonable. In challenging the reasonableness of a sentence, generally the Government contests *downward* departures from the Guidelines while defendants contest *upward* departures from the Guidelines. This makes Broussard's challenge to the downward departure in his sentence quite unusual because the variance worked to his benefit. Notwithstanding the novelty of his argument, Broussard has not overcome the presumption of reasonableness in his sentence and shown plain error. The Government further argues that the district court adequately considered the Section 5K1.1 factors and did not blindly defer to its recommendation. Finally, the

No. 17-30298

Government argues that the district court did provide Broussard with an individualized sentencing hearing. The court heard testimony from Janet Franks in support of Broussard, an apology from Broussard to S.S., and a Section 5K1.1 motion from the Government about the assistance provided by Broussard as a cooperating witness.

Section 3553(a) provides seven factors that the district court should consider in sentencing. 18 U.S.C. § 3553(a). The court is not required to provide a detailed explanation of its reasoning on each factor. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). On a Section 5K1.1 motion, the district court has nearly "complete discretion to determine the extent of a departure." *United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001). If the district court grants a downward departure from the Guidelines range, it should provide its reason for the departure. *See United States v. Johnson*, 33 F.3d 8, 10 (5th Cir. 1994).

The district court here adopted the findings of the PSR and sentenced Broussard "after considering all of the factors of [Section] 3553, [his] history, [his] characteristics, [his] involvement in this offense, as well as the statutory provisions and the 5K motion." On the Section 5K1.1 argument, the Government states it is unusual for the defendant to challenge an unexplained downward departure. The record makes clear, however, that the district court granted the downward departure based on the Government's Section 5K1.1 motion. Broussard is wrong when he writes that there is a "lack of any stated reasons for departure." The argument that Broussard did not receive an individualized sentencing hearing is likewise without merit. The record shows that the district court heard testimony, heard an apology, and heard a Section 5K1.1 motion before sentencing Broussard. Broussard has not shown that the district court committed plain error in holding that the sentence was procedurally unreasonable.

10

### IV.     *Substantive reasonableness of Sentence*

The standard of review on a challenge to the substantive reasonableness of a sentence is abuse of discretion. *United States v. Duhon*, 541 F.3d 391, 399 (5th Cir. 2008).

Broussard argues that his 54-month sentence was substantively unreasonable because he was a passive rather than an active participant, yet he received a longer sentence than officers who were more active participants in beating S.S.   He also argues that the district court failed to give full consideration to his being the father to a special needs child, his cooperation with the Government, his lack of criminal history, and the impact of his conduct on S.S.

In response, the Government argues that Broussard failed to rebut the presumption of reasonableness given to a sentence within or below the Guidelines range.  The Government further argues that Broussard relied on the wrong standard to claim that the disparity between his sentence and that of his co-defendants was unwarranted.   Instead of focusing on sentence disparities between co-defendants, Broussard must show that disparities exist between his sentence and the sentences of similarly situated defendants nationwide.

A sentence below the Guidelines range is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).   To rebut the presumption, the defendant must show the sentence fails to account for a factor that should receive substantial weight, the court gave substantial weight to an irrelevant or improper factor, or the sentence represents a clear error in balancing the Section 3553(a) factors. *Id.* This presumption is not overcome just by showing a disparity between the sentences received by co-defendants. *Id.* The defendant must show a disparity between his sentence and the

sentences of similarly situated defendants nationwide. *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010).

Broussard's sentence was not substantively unreasonable, nor was there an unwarranted disparity between his sentence and the sentences received by his co-defendants. Broussard has not made the requisite showing of unwarranted sentencing disparity to similarly situated defendants nationwide. Indeed, Broussard has not even attempted to compare his sentence to the sentences received by similarly situated defendants nationwide. Even in comparing his sentence to his co-defendants, Broussard has not shown that he was similarly situated. Unlike the others, Broussard was a senior officer with direct supervisory authority over Lasalle.

The district court did not abuse its discretion in sentencing Broussard to 54 months' imprisonment.

AFFIRMED.