# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2019

Lyle W. Cayce
Clerk

No. 18-40724
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ARMANDO BAZAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-936-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Jose Armando Bazan pleaded guilty to a single count of possession with intent to distribute cocaine. After application of the safety valve adjustment, he was sentenced below the mandatory minimum sentence to 119 months of imprisonment. For the first time on appeal, Bazan argues that he should have received a mitigating role reduction under U.S.S.G. § 3B1.2 and that his sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40724

Because Bazan did not raise the mitigating role adjustment issue or object on this basis in the district court, our review is limited to plain error. *See United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008). The determination whether a defendant was a minimal or minor participant is a factual issue. *United States v. Gomez-Valle,* 828 F.3d 324, 327 (5th Cir. 2016). "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez,* 923 F.2d 47, 50 (5th Cir. 1991). Thus, Bazan fails to show that the court plainly erred in failing to award a reduction under § 3B1.2.

Bazan's substantive reasonableness argument is likewise reviewed for plain error because he did not object in the district court on this basis. *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013). Bazan's argument that the district court should have sentenced him even lower below the guidelines range based on his cooperation with the Government and testimony in a drug conspiracy case merely reflects his disagreement with the propriety of his sentence and the district court's weighing of the 18 U.S.C. § 3553(a) factors. His argument is insufficient to overcome the presumption of reasonableness afforded his below-guidelines sentence. *See United States v. Broussard*, 882 F.3d 104, 108, 113 (5th Cir. 2018); *see also United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Indeed, even without the added hurdle of the plain-error standard, Bazan's substantive reasonableness argument would still lose. Although Bazan debriefed truthfully with the government, he did not provide substantial assistance in this case; he provided it in the later cocaine-conspiracy case. The district court did not abuse its discretion in rebuffing Bazan's attempt at a double-dip.

Accordingly, the judgment of the district court is AFFIRMED.