# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 24, 2022

Lyle W. Cayce
Clerk

No. 20-30438
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL DAVIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CR-124-1

Before OWEN, *Chief Judge*, and SMITH and ELROD, *Circuit Judges*.

PER CURIAM:*

Daniel Davis, a prison official, was convicted of one count of depriving an inmate of his civil rights by assaulting the inmate, conspiracy to obstruct justice, obstruction of justice, witness tampering, and perjury. He was acquitted of an additional count of depriving the inmate of his civil rights

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

related to another alleged assault. The district court sentenced Davis to a total of 110 months in prison and two years of supervised release.

Davis first argues that the district court abused its discretion in denying his motion to sever the counts alleging assault from those alleging a cover up. Davis, however, fails to show that he suffered specific and compelling prejudice resulting in an unfair trial. *See United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994). Thus, the district court did not abuse its discretion. *See id.*

Next, Davis faults the district for admitting evidence related to polygraph examinations. Because the polygraph evidence was offered for the limited purpose of explaining why two witnesses changed their stories regarding the assault and cover up, the district court did not abuse its discretion. *See United States v. Alaniz*, 726 F.3d 586, 606 (5th Cir. 2013); *United States v. Allard*, 464 F.3d 529, 534-35 (5th Cir. 2006).

Challenging the district court's decision to admit testimony from two witnesses recounting statements made to them by an eyewitness to the assault, Davis argues that the eyewitness's statements ran afoul of the Confrontation Clause and constituted inadmissible hearsay. The statements of the eyewitness were not testimonial because they were informal statements made to acquaintances and did not have the primary purpose of creating an out-of-court substitute for trial testimony. *See Davis v. Washington*, 547 U.S. 813, 822 (2006); *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). As a result, the admission of the eyewitness's statements did not violate the Confrontation Clause. Moreover, the admission of a witness's recorded recollection of the eyewitness's statements did not implicate the Confrontation Clause because the witness testified at trial and Davis had the opportunity to cross-examine her. *See Crawford*, 541 U.S. at 53-54, 59 n.9.

No. 20-30438

As for Davis's arguments that the testimony amounted to inadmissible hearsay, the eyewitness made the statements in question contemporaneously with her observation of the assault and immediately after witnessing the assault; thus, the statements were admissible as present-sense impressions. *See* Fed. R. Evid. 803(1); *United States v. Polidore*, 690 F.3d 705, 720-21 (5th Cir. 2012). Moreover, the testimony at trial indicated that the eyewitness was crying and upset while witnessing the assault and that she was under stress while watching the startling event. Thus, the statements were admissible as excited utterances. *See* Fed. R. Evid. 803(2). As a result, the district court did not abuse its discretion by admitting these statements. *See Alaniz*, 726 F.3d at 606. Likewise, the district court did not abuse its discretion in permitting a witness to read her recorded recollection of the eyewitness statements because the witness testified that she was unable to remember the details of the conversation with the eyewitness; the witness wrote the report when the statements were fresh in her mind; and the report accurately reflected her knowledge. *See* Fed. R. Evid. 803(5); *Alaniz,* 726 F.3d at 606. Any error in admitting the recorded recollection into evidence as an exhibit was harmless because the jury heard the substance of the report when the witness read it at trial and in light of the other testimony at trial showing that Davis assaulted the inmate. *See United States v. Flores*, 640 F.3d 638, 643 (5th Cir. 2011).

Next, Davis argues that the district court abused its discretion in denying his request to introduce evidence of the inmate's history of throwing feces from his cell as character evidence under Federal Rule of Evidence 404(a)(2) or evidence of habit under Federal Rule of Evidence 406. However, Davis has not established how the evidence was relevant to the offense and thus a pertinent character trait. *See* Fed. R. Evid. 404(a)(2); *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981). He also has not established that the inmate's conduct was "a 'regular response to a repeated

specific situation' that has become 'semi-automatic'" so as to constitute admissible evidence of a habit. *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 442 (5th Cir. 2007) (quoting *Reyes v. Mo. Pac. R.R. Co.*, 589 F.2d 791, 794 (5th Cir. 1979)); *see also* FED. R. EVID. 406. Thus, he has not shown that the district court abused its discretion. *See United States v. Gulley*, 526 F.3d 809, 817 (5th Cir. 2008) (per curiam); *Leonard*, 499 F.3d at 442.

Finally, Davis argues that the district court improperly applied a two-level enhancement for restraint of a victim under U.S.S.G. § 3A1.3. He contends that the factor of restraint was already incorporated into the guidelines range by the five-level enhancement under U.S.S.G. § 2A2.2(b)(3)(B) for serious bodily injury and the six-level enhancement under U.S.S.G. § 2H1.1(b)(1)(B) for committing the offense under the color of law. He also argues the inmate was restrained in accordance with prison policy and was not restrained to facilitate the assault.

In *United States v. Broussard*, 882 F.3d 104, 109-11 (5th Cir. 2018), we upheld the district court's application of the two-level restraint enhancement under § 3A1.3 when both the bodily injury enhancement and color of law enhancement applied. Moreover, Davis's argument that the § 3A1.3 enhancement is inapplicable because the inmate was lawfully restrained is foreclosed by *United States v. Clayton,* 172 F.3d 347, 352-53 (5th Cir. 1999). Therefore, the district court did not clearly err in applying the two-level restraint enhancement. *See United States v. Olarte-Rojas*, 820 F.3d 798, 801 (5th Cir. 2016).

AFFIRMED.