# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10978
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Jowayne Lohmann,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-75-1

———————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:*

Joshua Jowayne Lohmann pleaded guilty to aiding and abetting an attempt to provide contraband to a prisoner, in violation of 18 U.S.C. §§ 2, 1791(a)(1) and (b)(1). The district court imposed 144 months of imprisonment, followed by three years of supervised release.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10978

On appeal, Lohmann argues that his charging document is constitutionally defective. Lohmann's reliance on *United States v. White*, 258 F.3d 374 (5th Cir. 2001), is unpersuasive, as it predates the Supreme Court's decision in *United States v. Cotton*, 535 U.S. 625, 630-31 (2002). *See United States v. Longoria*, 298 F.3d 367, 372 (5th Cir. 2002) (en banc); *United States v. Boche-Perez*, 755 F.3d 327, 334-35 (5th Cir. 2014). We conclude that Lohmann's voluntary and unconditional guilty plea waived our review of this issue. *See United States v. Medel-Guadalupe*, 987 F.3d 424, 428 (5th Cir. 2021); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002). Therefore, we do not reach the merits of his arguments on this issue. *See United States v. Broussard*, 882 F.3d 104, 109 (5th Cir. 2018).

Lohmann also contends, for the first time on appeal, that the district court erred in applying the cross-reference in U.S.S.G. § 2P1.2(c) to U.S.S.G. § 2D1.1. We assume, without deciding, that application of the cross-reference required the district court to find that Lohmann knew the object of the offense was to distribute methamphetamine. As part of the factual basis for his plea, Lohmann stipulated to "aiding and abetting" an attempt "to provide prohibited objects, to include methamphetamine, to an inmate" at a federal correctional facility, in violation of 21 U.S.C. § 841(a)(1), on May 4, 2022. He also stipulated that he knew the drone carried "prohibited objects, and he intended that they be delivered to" an inmate at the facility. The presentence report provided additional details of Lohmann's extensive involvement in the drone-delivery scheme, including that he packaged contraband on some occasions and served as the primary point of contact for the intended recipients. Therefore, we conclude that application of the cross-reference was not plainly erroneous. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Anguiano*, 27 F.4th 1070, 1072-74 (5th Cir. 2022).

Finally, Lohmann argues, also for the first time on appeal, that the district court plainly erred by not applying the reduction in U.S.S.G. § 2X1.1(b)(1). However, even if § 2X1.1 applied, application of the cross-reference in § 2P1.2(c) to § 2D1.1 would still follow under § 2X1.1(a), *see United States v. Cabrera*, 288 F.3d 163, 168-69 (5th Cir. 2002), and § 2D1.1 expressly includes attempts, *see* §§ 2D1.1 & 2X1.1, comment. (n.1). Thus, Lohmann has not met his burden of showing that any error affected his substantial rights. *See Puckett*, 556 U.S. at 135; § 2X1.1(c).

Accordingly, the judgment of the district court is AFFIRMED.